UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR DEMETRIUS HUSKEY,

      Petitioner,

                                        Case No. 4:14-cv-12381

v.                                         Honorable Linda V. Parker

PAUL KLEE, Warden,

      Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Arthur Huskey ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence for his second-degree murder and felony-firearm convictions in the Circuit Court for Wayne County, Michigan.  On September 12, 1989, the state court sentenced Petitioner to prison terms of thirty to fifty years for the murder conviction and two years for the firearm conviction.  Petitioner asserts a single claim in support of his request for habeas relief. He contends that his sentence was imposed in violation of his Fifth and Sixth Amendment rights as set forth in *Alleyne v. United States*, 570 U.S. –, 133 S. Ct. 2151 (2013).

In his application for habeas relief, Petitioner acknowledges that this claim

has not been exhausted in the state courts; however, he alleges that he currently is

seeking relief by filing an appeal in the Michigan Court of Appeals from the denial

of his motion for relief from judgment filed in the state trial court.  He therefore

asks this Court to stay his petition while he completes exhaustion of his claim.

Furthermore, hoping that the Michigan Supreme Court will hold that *Alleyne*

applies to the Michigan Sentencing Guideline scheme and undermine binding

Federal precedent to the contrary, he asks the Court not to "make a merits

determination of his *Alleyne* claim and its applicability to his sentences" until after

the Michigan Supreme Court rules on the issue.

Despite the limitations or review Petitioner wishes to place on his petition, it

still is subject to summary dismissal because, no matter what the state courts do,

his claim cannot form the basis for granting habeas relief under 28 U.S.C. § 2254.

This is because it relies on a new rule of constitutional law created after his

conviction became final that cannot be applied retroactively to his conviction.

A petition for habeas corpus must set forth facts that give rise to a cause of

action under federal law.  *See Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see*

*also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  "Federal

courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face . . .."  *McFarland v. Scott*, 512 U.S. 849, 856

2

(1994) (citing Rules Governing § 2254 Cases, Rule 4); *see also Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999).

On May 29, 1992, the Michigan Supreme Court denied Petitioner's application for leave to appeal following his appeal of right. *See People v. Huskey*, 439 Mich. 1015, 485 N.W.2d 505 (1992). His conviction became final on August 27, 1992, upon the expiration of the ninety day period for seeking a petition for a writ of certiorari from the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). His only ground in support of his current request for habeas relief is that the facts used to determine his sentencing guideline were neither admitted by him nor proven to a fact-finder beyond a reasonable doubt and therefore that his sentence was imposed in violation of the Fifth and Sixth Amendments.

Claims such as these originate with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), both decided well after Petitioner's conviction became final in 1992. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In

3

*Blakely*, the Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Michigan has an indeterminate sentencing scheme in which "[t]he maximum penalty is set by statute, but the minimum penalty is determined by the sentencing court and must fall within a mandated guidelines range." *Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010). The Sixth Circuit upheld this structure as surviving *Apprendi* and *Blakely*. *See id*. at 494-98; *Chontos v. Berghuis*, 585 F.3d 1000, 1001-02 (6th Cir. 2009). Recently, however, the Supreme Court extended *Apprendi* to mandatory minimum sentences in *Alleyne v. United States*, – U.S. – , 133 S. Ct. 2151 (2013). Arguably, this decision might cast doubt on the validity of *Montes* and *Chontos*, and necessitate change in Michigan sentencing law.

Nevertheless, even if *Alleyne* or some hypothetical decision by the Michigan Supreme Court extended the protections of *Apprendi* and *Blakely* to defendants sentenced under the Michigan Sentencing Guidelines, Petitioner still faces an unsurmountable problem on federal habeas review.  That is because all of the Supreme Court decisions creating the protections were decided after

4

Petitioner's conviction became final. A habeas petitioner may not rely for relief on rules of law recognized after his conviction became final. *Teague v. Lane*, 489 U.S. 288 (1989). This is so because the purpose of federal collateral review is to uphold final state court judgments that were valid when entered, not as a "mechanism for the continuing reexamination of final judgments." *Sawyer v. Smith*, 497 U.S. 227, 234 (1990). The Supreme Court, moreover, has made clear that the "new rule" doctrine survives the 1996 amendments to 28 U.S.C. § 2254. *Schriro v. Summerlin*, 542 U.S. 348 (2004). Under the "new rule" doctrine, new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990). *Alleyne*, like *Apprendi*, does not announce a "watershed" rule "without which the likelihood of an accurate conviction is seriously diminished." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (holding that *Apprendi* does not apply retroactively to cases on collateral review); *In re Mazzio*, – F.3d – , 2014 WL 2853722 (6th Cir. June 24, 2014) (holding that *Alleyne* does not apply retroactively to cases on collateral review).

In short, regardless of what the Michigan Supreme Court may hold, Petitioner is not entitled to habeas relief based on the ground asserted in his

petition because his conviction became final before the Supreme Court created the new rules on which that ground depends.  His petition therefore is subject to summary dismissal.

When a district court enters an order adverse to a habeas petitioner, it must decide whether to issue or deny a certificate of appealability.  *See* Rules Governing § 2254 Cases, Rule 11.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court does not believe that its assessment of Petitioner's claim is debatable or wrong and therefore is declining to issue a certificate of appealability.  Petitioner raises a single ground for relief in support of his application for habeas relief: that his sentence was imposed in violation of his Fifth and Sixth Amendment rights at set forth in *Alleyne*.  However, reasonable jurists would not find debatable or wrong this Court's conclusion that *Alleyne,* and the Supreme Court's decisions creating the rule on which the holding in *Alleyne* is based, cannot be applied retroactively to Petitioner's convictions.  The Court also is denying Petitioner leave to appeal in forma

6

pauperis, concluding that the appeal would be frivolous.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for habeas relief pursuant

to 28 U.S.C. § 2254 is **SUMMARILY DISMISSED**;

**IT IS FURTHER ORDERED** that Petitioner's request for a stay is

**DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that a Certificate of Appealability and

leave to appeal in forma pauperis are **DENIED**.

<div style="margin-left: 40%;">

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

</div>

Dated: July 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, July 23, 2014, by electronic and/or U.S.
First Class mail.

<div style="margin-left: 40%;">

S/ Richard Loury
Case Manager

</div>